TECUMSEH EDENFIELD, EXECUTOR OF HENRY RAU, RE-
SPONDENT, v. METROPOLITAN LIFE INSURANCE COM-
PANY, APPELLANT.

Argued June 23, 1922—Decided November 20, 1922.

1. At his death plaintiff's testator was the holder of a policy, issued
by defendant, assuring the payment to his estate at his death
of the sum of $1,000, or such other sum as might be due under
the conditions of the policy, one of them being that if default in
payment of a premium on the due date occurred and continued
for three months it became, automatically, a paid-up policy for a
lesser amount. Such a default happened during the lifetime of
the insured, and the policy, according to its terms, fell into the
paid-up class. In a suit to recover on the policy the plaintiff
proved that a long time after the policy had thus become a
paid-up one the brother-in-law of the insured, without his con-
sent, knowledge or authority, paid to an agent of the defendant
all arrears of premiums which, if legally effective, changed the
policy from a paid-up one to a term policy, during which term
the insured died. The trial court submitted to the jury the ques-
tion whether the payments were made and accepted by authority
of defendant, and instructed them if they so found that defendant
was liable for the full amount of the policy. The defendant
requested that the jury be instructed that its liability was limited
to the amount due on a paid-up policy, and to direct the jury so
to find, which the court refused. *Held*, that this was error, for,
assuming the payments were made and accepted as plaintiff
claimed, it would amount to the making of a new contract for
the insured by the defendant and a third party without the
authority or consent of the insured.
2. The plaintiff's case rested entirely on proof of dealings with an
alleged agent without proof of his authority to extend the time
of payment of premiums, or to alter the contract, while the
policy provided that no agent had the power to extend the time
of payment of premiums, or to alter the contract. The contract
had by the act of the insured, under the terms of the policy,
become a new contract, which no agent could modify or change,
and under it the liability of defendant was limited to the sum
due on a paid-up policy, and the refusal of the court so to charge
was error.

On appeal from the Supreme Court.

For the appellant, *McCarter & English*.

For the respondent, *Stamler & Stamler*.

The opinion of the court was delivered by

BERGEN, J.   This action was brought by the plaintiff as executor of Henry Rau, deceased, to recover $1,000 on a policy of insurance by the terms of which the defendant was to pay that sum to the wife of the insured, as beneficiary, after twenty years premiums should have been paid, or at the death of the insured.   The insured died before the twenty years had expired, and after the beneficiary had been changed to "the estate of the insured."   The plaintiff recovered a judgment for the full amount of the policy from which the defendant has appealed.   The policy was dated the 4th day of February, 1916, and the premiums required were paid to February 4th, 1919, and the next premium, according to the policy, was payable August 4th, 1919.   No other premiums were ever paid on this policy, nor any attempted to be paid, until February, 1920, when the plaintiff claims that a payment was made, the effect of which was, as the plaintiff alleges, to extend the policy for a period of five years and one month, and if insured died during that period his representative would be entitled to recover $1,000.   The policy provided that if there was a default in the payment of a premium when due, the policy should immediately lapse; provided, if the lapse occurred after three full years premiums should have been paid, and upon written request of the insured filed with the company at its home office, and the presentation of the policy for legal surrender or endorsement, within three months from the due date of the premium in default he would be entitled to one of the following options: "(a) a cash surrender value, or the mathematical equivalent thereof;  (b) to have the insurance continue for a reduced amount as a paid-up policy;  (c) to have the insurance continue for its original amount as term insurance from due date of the premium in default."   The policy then provided that if the owner should not within three months of the due date of the premium in default surrender the policy to the company at its home office for a cash surrender, or for endorsement for paid-up insurance or term insurance as provided in the options, the insurance should be continued for a

reduced amount of paid-up insurance as provided in the second option. It is not disputed that the premium due in August, 1919, was not paid within three months thereafter, and if there was nothing further in the case, the insured not having made any election, the policy would have automatically, under option two, have become a paid-up policy for $139, that amount not being in dispute, if the policy became of that class, so that the contract between insured and the defendant became one to pay him $139 on his death without further payment of premiums. The plaintiff undertakes to meet this by proving that in February, 1922, a Mrs. Endfield, who was a sister of the insured with whom he was living, gave the policy to her husband and that he took the policy to the local office of the defendant in Elizabeth, and paid the premiums to February 4th, 1920, the insured dying August 21st, 1920; that he paid the money to a person he understood to be the cashier and received a receipt for the money, no endorsement being made on the policy, and that his transactions were had with some person whom he did not know, but who was in the office; that he did not remember the character of the receipt except that it was not written on the usual printed blanks of the company; that, subsequently, a short time before the insured died, this same man came to the house and returned the money to the sister, for which the receipt was surrendered; but there is no proof that the insured had anything to do with this alleged transaction, or that as between him and the company the contract was not a paid-up policy for $139, and the legal question presented is whether this evidence was sufficient to take to the jury the question of the defendant's liability beyond the value of the paid-up feature of the policy.

This question was raised by a request of the defendant to instruct the jury to return a verdict in favor of the plaintiff for $139, the paid-up value of the policy, which the trial court refused and to which exception was taken. We think the request of the defendant should have been complied with and that the trial court should have directed the jury that all

the plaintiff could recover was the paid-up value of the policy, for the following reasons: There was no proof in the case that the insured ever knew or consented to the interference, or payment of the premiums by his sister or brother-in-law, or the changing of his policy from that of a paid-up policy, and they and defendant could not, without the consent of the insured, make a new contract for him. In addition to this the policy provides that if the owner shall not within three months from the due date of the premium in default surrender the policy at the home office for endorsement either for a paid-up insurance or term insurance, the insurance shall be continued as paid-up as provided in the second option, and that automatic alteration is the only one that can be made without an endorsement on the policy. The claim of the plaintiff being that the payment of defaulted premiums changed the policy to a term policy under the third option, which required an endorsement on the policy, which was not done.

Another reason is that, assuming this testimony on behalf of the plaintiff to be true, although it seems a little strange that the alleged agent of the defendant should have so suddenly disappeared that no trace can be found of him, the policy expressly provides that no agent is authorized to make, modify or discharge contracts or to extend the time for paying the premium, and if this agent did exist he had no authority, so far as the record shows, to extend the time for paying a premium, or to discharge the contract which had come into force because of the default in paying the premium in August, 1919.

Nor is there any legal merit in the plaintiff's claim that the defendant consented because it endorsed on the policy, October 28th, 1919, a change of beneficiary, for on that date the three months' grace had not expired and the policy was still in full force, and the endorsement only declared that the "amount due on the death of the insured" should be payable to the new beneficiary, which in event of default of payment of premium would be $139.

As the defendant moved for a direction of a verdict against it for $139, and that sum is not in dispute, the judgment should be modified to that extent, and it is ordered that the judgment be reduced to $139, and as this is the sum for which judgment below should have been entered, and that sum being less than $200, the recovery required to carry costs in a case brought in the Supreme Court, no costs will be allowed on that judgment. The judgment below will be reversed and modified according to this opinion.

*For affirmance*—None.

*For reversal and modification*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 14.